**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2130-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HERRON ALSTON, a/k/a
LAMAR ALTSTON,

    Defendant-Appellant.

_____

Submitted December 17, 2019 – Decided January 29, 2020

Before Judges Yannotti and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 95-07-2488.

Harbatkin & Levasseur, attorneys for appellant (Audwin Frederick Levasseur, on the briefs).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Herron Alston appeals from the denial of his second petition for post-conviction relief (PCR), contending he was erroneously granted gap-time credit instead of jail credits, and the judicial imposition of a twenty-five-year mandatory minimum period of parole ineligibility violated his constitutional right to a jury trial. He also asserts trial and appellate counsel were ineffective. After a review of the contentions in light of the record, and applicable principles of law, we affirm.

Defendant was indicted in 1995, and charged with second-degree conspiracy to commit murder, in violation of N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3 (count one); first-degree purposeful or knowing murder, in violation of N.J.S.A. 2C:11-3(a)(1) to (2) (count two); third-degree unlawful possession of a handgun, in violation of N.J.S.A. 2C:39-5(b) (count three); and second-degree possession of a handgun for an unlawful purpose, in violation of N.J.S.A. 2C:39-4(a) (count four).

A jury convicted defendant of aggravated manslaughter, a lesser-included offense to murder, and both weapons offenses. Defendant appealed, and we reversed his convictions in May 1998. State v. Alston, 312 N.J. Super. 102, 116 (App. Div. 1998).

Defendant was subsequently retried in 1999 on the aggravated manslaughter charge and the two weapons offenses. The jury again found defendant guilty of all

three offenses. The court merged count four with count two for sentencing purposes and imposed an extended term of life imprisonment with a twenty-five-year period of parole ineligibility for aggravated manslaughter and a concurrent five-year term on count three. Defendant was awarded jail credit of 1341 days and 447 days of gap-time.

Defendant again appealed, and we affirmed his conviction and sentence. State v. Alston, No. A-3453-00 (App. Div. Feb. 8, 2002).

When defendant committed the June 1995 offenses, he was on probation for a prior offense. He was found guilty of violating probation and sentenced to a five-year prison term for the violation of probation (VOP) in June 1996. The life imprisonment sentence was consecutive to the VOP term.

In September 2007, defendant filed his first PCR petition, alleging ineffective assistance of counsel. Defendant contended his trial counsel had failed to adequately consult with him. After an evidentiary hearing to determine the issues, the trial court denied the petition.

On appeal, we found no merit in defendant's PCR arguments. State v. Alston, No. A-5384-08 (App. Div. Mar. 2, 2011) (slip op. at 21). We noted that trial counsel's "performance demonstrate[d] that he adequately investigated trial strategies and defended the case 'vigorously.' He was thoroughly familiar with

the evidence presented at the first trial, was successful on the appeal, and made informed strategic choices about the alibi and rebuttal witnesses during the retrial." Ibid. In addition, the record reflected that defendant made a knowing and intelligent waiver of his right to testify. Id. at 23. We concluded that defendant had not met his burden to establish the ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). Ibid.

In November 2017, defendant filed a second PCR petition, requesting 447 additional jail credits and arguing the twenty-five-year period of parole ineligibility was illegal as its imposition violated his constitutional right to a jury trial.

In a thorough written decision, the PCR court denied the petition. It first determined the petition was untimely under Rule 3:22-12(a)(2) because it was filed ten years after defendant's initial PCR application – long past the one-year time bar for second or subsequent PCR petitions. Nevertheless, the court addressed defendant's arguments.

Defendant contended that the 447 days of gap-time credit awarded for service on the VOP should have been classified as jail credits instead. He argued that when this court vacated his convictions in the first direct appeal, it also resulted in a nullification of the VOP. The PCR court found the jail credit

calculations were accurate, noting that if the VOP conviction were nullified as defendant requested, it "could potentially reduce his jail credit further, which is clearly not his intended goal."

Regarding his second argument, defendant asserted that because the issue of handgun possession was not presented to a jury as required under State v. Franklin, 184 N.J. 516 (2005), the trial court's imposition of a twenty-five-year mandatory minimum period of parole ineligibility was illegal. The PCR court noted the Supreme Court had given the Franklin holding "pipeline retroactivity." Id. at 540 (quoting State v. Natale, 184 N.J. 458, 494 (2005)). Therefore, it was not applicable to defendant's 1999 convictions.

On appeal, defendant presents the following arguments:

> POINT ONE
>
> WHERE THE APPELLATE DIVISION VACATED THE JUDGMENT OF CONVICTION IN THE 2488 CASE IN MAY, 1998, THE LEGAL BASIS FOR THE VOP IN THE 2908 CASE WAS DE JURE ALSO VACATED AND THE TIME SERVED ON THE VOP SHOULD HAVE BEEN CREDITED AGAINST THE 2488 SENTENCE AS R. 3:21-8 SENTENCE CREDIT, AND NOT GAP-TIME CREDIT
>
> POINT TWO
>
> IT WAS A DENIAL OF DUE PROCESS AND A CONSTITUTIONAL VIOLATION TO IMPOSE A GRAVES ACT 25-YEAR MANDATORY MINIMUM

5

WHERE USE OF A FIREARM IN THE MURDER OF THE VICTIM, WHICH IS AN ELEMENT OF THE OFFENSE, WAS NOT ALLEGED IN COUNT TWO OF THE INDICTMENT AND THE ISSUE WAS NOT SUBMITTED TO NOR RESOLVED BY THE JURY

POINT THREE

AT TRIAL AND ON APPEAL DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland, 466 U.S. at 687 and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-pronged test establishing both that: 1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and 2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

In reviewing defendant's argument regarding jail credits, we discern no error in the PCR court's determination that defendant was not entitled to a

conversion of the gap-time award to jail credits. Defendant appealed his convictions for aggravated manslaughter and the weapons charges. When the conviction was reversed, all of the charges were remanded for a re-trial. Therefore, defendant still violated his probation as there were pending charges. In addition, he had also violated probation by failing to report, perform community service and pay fines. Defendant's contention that his VOP was nullified is without merit.

Under Rule 3:21-8(a), a "defendant shall receive credit on the term of a . . . custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence." Because defendant was serving the VOP sentence when his conviction was reversed, he was not entitled to jail credits on that sentence. The gap-time credited to him was proper.

We next turn to defendant's assertion that he was entitled to be re-sentenced on the life imprisonment with a mandatory period of parole ineligibility. Defendant's reliance on Franklin for support is misplaced. Defendant's sentence and direct appeal were concluded in 2002. Franklin was decided in 2005. In its decision, the Supreme Court accorded its holding pipeline retroactivity "to defendants with cases on direct appeal as of the date of this decision and to those defendants who raised

Apprendi[1] claims at trial or on direct appeal." Franklin, 184 N.J. at 540 (citing Natale, 184 N.J. at 494).

Defendant has not shown his trial or appellate counsel was deficient under the Strickland standard. Even if counsel had argued the jail credit or Franklin issue, the arguments lacked merit and would not have changed the outcome of the sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

A-2130-18T4